**HOFLAND & TOMSHECK**
Joshua Tomsheck, Esq.
Nevada State Bar No. 9210
jtomsheck@hoflandlaw.com
228 South Fourth Street, 1st Floor
Las Vegas, Nevada 89101
Telephone:  (702) 895-6760
Facsimile:  (702) 731-6910

Attorney for Ian Christopherson

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

United States of America,

     Plaintiff,

  vs.

Ian Christopherson,

     Defendant

Case No.: 2:09-cr-00056-MMD-RJJ

MOTION TO VACATE SENTENCING
DATE AND SET ASIDE JURY VERDICT

## MOTION TO VACATE SENTENCING DATE AND SET ASIDE JURY VERDICT

NOW COMES Defendant, Ian Christopherson, by and through his attorney of record, Joshua Tomsheck, Esq., of the law firm of Hofland & Tomsheck, and hereby moves that this Honorable Court vacate the sentencing date currently scheduled in this matter and set aside the jury verdict previously rendered.

This Motion is based on 28 U.S.C. §§ 144 and 455, Federal Rule of Criminal Procedure 33 and the following points and authorities.

DATED this 27th day of November, 2012.

HOFLAND & TOMSHECK

___/s/_____
JOSHUA TOMSHECK, ESQ.
Counsel for Defendant Christopherson

1

**POINTS AND AUTHORITIES**

**BACKGROUND AND RELEVANT FACTS**

As this Court knows, Defendant Ian Christopherson, (hereinafter "Christopherson") is a duly licensed Nevada attorney practicing in this jurisdiction since 1990. The events giving rise to this case date back to the time period of 1994 through 1998, for which the Defendant stands convicted, following jury verdict, of evading payment through the utilization of a bank account in Montana held under the name of Industrial Consultants. An Indictment was filed in this case in February of 2009, following extended and extensive talks of negotiation between Christopherson and the Government.    Christopherson and his then Defense counsel disclosed to the Government in excess of one (1) year prior to Indictment that Christopherson had a professional relationship with the Judge in this matter, having previously been a tenant, renting office space from the then assigned Judge, the Hon. Kent J. Dawson.   This information was known to the Government since 2007 and caused them to file a "NOTICE AND REQUEST FOR DETERMINATION UNDER 28 U.S.C. § 455(a) AND CODE OF JUDICIAL CONDUCT, CANON 3E(1)(a)" on August 3, 2009.  (ECF no. 16, p. 1).  In that document, the Government stated that:

> "[o]ver a year prior to the defendant's indictment, at a meeting between the government, the defendant, and defense counsel, either the defendant or his counsel made reference to the fact that defendant had previously rented space from a federal judge in the District. At the time, counsel for the government did not find the comment significant or take note of which judge. In the course of preparing for trial, government counsel reviewed documents which show that the defendant previously rented office space at 626 S. 3rd Street, Las Vegas, Nevada 89101, from Judge Dawson, who is assigned to the above-captioned matter. It does not

appear that the defendant, who rented the space under a partnership name, Burke & CHRISTOPHERSON, still rents space from Judge Dawson. The government does not know whether the defendant personally knows or directly interacted with Judge Dawson. Government counsel has reviewed bank statements which suggest that defendant paid for the rental with from the account of "CHRISTOPHERSON et. al. (sic) Partners."
(Id. at p. 2).

The Court did not enter an Order on the request for determination until September of 2011, shortly before this matter proceeded to Trial. (ECF no. 58, p. 1). The Hon. Judge Dawson ruled that, to the best of his recollection, the relationship between the Court and Christopherson, and their various corporate entities, ended without incident in 2001. (Id. at p. 2). The Hon. Judge Dawson further ruled that "[t]he Court has a sworn duty not to disqualify itself unless there are proper and reasonable grounds for doing so (citing State of Idaho v. Freeman, 478 F.Supp. 33 (D.C. Idaho, 1979) and that "[t]here is as much an obligation for judge not to recuse himself, when there is no occasion for him to do so, as there is for him to do so when there is." (citing U.S. v. Burger, 964 F.2d 1065 (10th Cir. 1992)." (ECF no. 58). Ultimately, the Court chose not to recuse itself. (Id.).

Between September 19, 2011 and September 23, 2011, this matter proceeded to jury Trial before the Hon. Judge Dawson. The case was heavily contested and many evidentiary issues were litigated before, and during, Trial. At the conclusion of Trial, Christopherson was convicted of both counts. The undersigned counsel was later retained for post-trial proceedings, specifically sentencing. After continuances were either stipulated to by all Parties or granted by the Court, this matter was scheduled for sentencing on September 4, 2012.

3

At the scheduled September 4, 2012 sentencing hearing, the Hon. Judge Dawson made a lengthy record about the previous proceedings in this matter, as well as the Government's position on recusal in other pending and/or recently decided cases.  At that hearing, Hon. Judge Dawson made a ruling that he was recusing himself from presiding over the case for sentencing, and all other future proceedings, based on the issues *previously* brought to the Court's attention by the Government, *prior* to Trial. Judge Dawson made further record that the case would be reassigned to an alternate department.  That same day, Judge Dawson signed the recusal order.  (ECF no. 134). Sentencing was later reset before the newly assigned judicial department, the Hon. Chief Judge Robert C. Jones, for October 10, 2012.  Thereafter, a minute order in chambers was issued by the Hon. Chief Judge Robert C. Jones, that it was ORDERED that this case be referred to the Clerk for random reassignment of this case for all further proceedings and the October 10, 2012 sentencing be VACATED.  Thereafter, this matter was assigned to this Honorable Court.

Following the recusal of the Hon. Judge Dawson in this case, he also recused himself in another case in which Christopherson was counsel, namely 2:12-cv-01197-LRH-PAL, in which a recusal order was entered September 17, 2012.

**APPLICABLE LAW**

Recusal is governed by 28 U.S.C. §§ 144 and 455. The standard for recusal in sections 144 and 455 is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." United States v. Studley, 783 F.2d 934, 939 (9th Cir. 1986).  Under § 455(a), "[a]ny justice, judge,

or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Id.  Section 455(a) covers situations, in which there appears to be a conflict of interest, regardless of whether there is any actual bias on the part of the judge.  Preston v. United States, 923 F.2d 731, 733 (9th Cir. 1991). Recusal is required if a reasonable person, knowing all of the relevant facts, would expect the judge to know of circumstances creating an appearance of partiality.  Lifeberg v. Health Services Acquisition Corp. 486 U.S. 847, 861 (1988).  The "very purpose of the of § 455(a) is to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible." Id. at 865(1988).   What matters is not the reality of bias or prejudice but its appearance.  See Liteky v. United States, 510 U.S. 540, at 548 (1994).

The relevant appearance is not subjective. It does not matter whether any observer, reasonable or not, actually doubts the judge's impartiality. It also does not matter whether the judge actually has any bias. As stated by the United States Supreme Court, "[s]ince subsection (a) deals with the objective appearance of partiality ... the judge does not have to be subjectively biased or prejudiced, so long as he appears to be so." See Liteky, supra at 553.

The Code of Conduct for United States Judges and the Nevada Code of Judicial Conduct include similar language related to situations in which a judge should recuse. Canon 3(C)(1)(a) of the Code of Conduct for United States Judges (Effective July 1, 2009) provides that "[a] judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances in which the judge has a personal bias or prejudice concerning a party. See also

Nevada Code of Judicial Conduct, Canon 3(E)(1)(a).[1]

Federal Rule of Criminal Procedure Rule 33 discusses the circumstances in which a new Trial is warranted, and states:

> (a) Defendant's Motion. Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires. If the case was tried without a jury, the court may take additional testimony and enter a new judgment.
>
> (b) Time to File.
> > (1) Newly Discovered Evidence. Any motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty. If an appeal is pending, the court may not grant a motion for a new trial until the appellate court remands the case.

## ARGUMENT

In most cases motions related to disqualification or recusal of a Judge, the Motion is brought, and decided, *prior* to the case proceeding to Trial, pursuant to 28 USCS § 144, which requires disqualification motions to be submitted prior to 10 days before trial unless good cause is shown why motion was not made within the said time limit.  In the instant case, the issue of recusal was raised, by the Government, far in advance of the 10 day limitation.  (ECF no. 16).  This case however, is different, namely because the Court addressed the issue *prior* to Trial, and denied to recuse itself, and then recused itself, based on the appearance of a potential impartiality, *after* presiding over the Trial.  The facts leading to the Court's ultimate decision of recusal were no different on September 4, 2012, when the Court decided to recuse itself, then they were on August 3, 2009, when

---

[1] The commentary to the Nevada Code of Judicial Conduct provides that "[a] judge should disclose on the record information that the judge believes the parties or their lawyers might reasonably consider relevant to the question of

the Government raised the issue, or they were on September 1, 2011, when the Court entered an Order denying recusal, *or* between September 19, 2011 and September 23, 2011, when this case was tried to a jury.  It seems as if the exact same reasons articulated by the Government before Trial, are the exact same reasons why, *post*-trial, the Hon. Judge Dawson recused himself.  The issues this raises are readily apparent.  Given the post-trial recusal, this calls into question whether recusal was warranted before each and every judicial decision rendered before, and during, Trial.

While a motion for disqualification filed after judgment is generally considered untimely (*see* Waggoner v Dallaire, 649 F2d 1362, (9th Cir. 1981), recusal in this case has already been determined appropriate by Judge Dawson, and judgment has not yet been imposed.  Given the procedural posture of this case, with Judge Dawson's recusal after trial and before sentencing, the timing of the instant motion is appropriate.

Because Judge Dawson's recusal was made part of the record and an Order was entered on September 4, 2012, the recusal amounts to "new evidence" in this case.  Judge Dawson indicated on September 4, 2012, to the surprise of the parties that, based on issues raised by the Government in this (and another) case, he felt there was a circumstance where a reasonable person may "conclude that the judge's impartiality might reasonably be questioned." *See* United States v. Studley, *supra*. As such, the finding of the Court warranting reversal calls into question the very Trial for which Christopherson stands convicted.  This is clearly a situation where Federal Rule of Criminal Procedure Rule 33 is applicable, in that this Court should grant a new trial because the interest of justice requires that it do so.  The recusal of Judge Dawson, is a

---

disqualification, even if the judge believes there is no real basis for disqualification." Commentary Canon 3(E)(1).

"newly discovered" piece of evidence only discoverable after the verdict of guilty rendered against Christopherson.  No judgment or sentence has yet been imposed in this matter.   Given the acquiescence of Judge Dawson, based on issues *raised by the Government* that a a reasonable person could conclude that the judge's impartiality might reasonably be questioned, and recusal warranted, this is a case where a new Trial is mandated.   While the undersigned is clear to point out that neither he, nor Christopherson, is alleging any specific instance of actual impropriety on the part of Judge Dawson, the clear intent of Section 455(a) is to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible.  It matters not the reality of bias or prejudice *but rather its appearance*.  *See* Liteky v. United States, *supra*.

## CONCLUSION

As outlined above, the recusal in this case of Judge Dawson warrants that the sentencing date currently set for December 3, 2012 be vacated and the jury verdict in this matter be set aside.


DATED this 27th day of November, 2012.


HOFLAND & TOMSHECK


_____/s/_____
JOSHUA TOMSHECK, ESQ.
Counsel for Defendant Christopherson