SEALED

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA, | Case No. 2:09-cr-00056-MMD-RJJ |
|---|---|
| Plaintiff, | ORDER (SEALED) |
| v. | (Mtn. to Vacate Sentencing Date and Set Aside Jury Verdict – dkt. no. 142) |
| IAN CHRISTOPHERSON, | |
| Defendant. | |

## I. SUMMARY

Defendant filed his Motion to Vacate Sentencing Date and Set Jury Verdict (dkt. no. 142) ("Motion") on November 27, 2012, three calendar days before the sentencing hearing, and over a year after the jury issued a guilty verdict. Defendant's Motion is untimely and is based on an incomplete record of the September 4, 2012, hearing before Judge Dawson. Missing from Defendant's Motion is Judge Dawson's clarification that he believed he was fair and objective in his rulings throughout this case and his decision to recuse was based on alleged conflicts recently raised in an unrelated tax case having nothing to do with Defendant. The interest of justice does not warrant granting a new trial. Defendant's Motion is therefore denied.

## II. BACKGROUND

### A. Procedural History

On February 18, 2009, Defendant was indicted on two counts of tax evasion. Count One charged Defendant with income tax evasion for his individual income tax for

tax years 1994 and 1996.  Count Two charged Defendant with income tax evasion for employment taxes from the first quarter 1994 through the fourth quarter 1998 and federal unemployment tax for tax years 1992 through 1998.

On September 23, 2011, after a five day jury trial, the jury found Defendant guilty on both counts.  The Court scheduled the sentencing hearing for January 4, 2012.

The sentencing hearing was subsequently rescheduled multiple times.  On December 14, 2011, pursuant to the parties' stipulation, the sentencing hearing was rescheduled to February 8, 2012 to give the parties additional time to address the Presentencing Report.  On January 11, 2012, Defendant substituted his current counsel in place of his former counsel.  On January 23, 2012, the sentencing hearing was continued to May 29, 2012, to give Defendant's counsel sufficient time to review the file and prepare for sentencing. The Court granted another stipulation for continuance, setting the sentencing hearing for June 20, 2012.  On June 14, 2012, Defendant moved to continue the sentencing hearing to give his attorney adequate time to prepare for sentencing. The Court granted this motion, setting the sentencing hearing for July 16, 2012.  The Court subsequently continued the hearing to September 4, 2012.

**B.   Judge Dawson's Recusal Decision**

On August 3, 2009, the government filed a Notice and Request for Determination under 28 U.S.C. § 455(a) and Code of Judicial Conduct, Cannon 3E(1)(a) ("Request for Determination") to inform the court of a potential conflict. (Dkt. no. 16.)  The government indicated that over a year before Defendant was indicted, it learned that Defendant had previously rented space from a federal judge in this district.  Defendant did not raise any objection when this case was assigned to Judge Dawson.  During the course of discovery in this case, the government discovered documents showing that Defendant's partnership, Burke & Christopherson, had rented office space from Judge Dawson.  The government did not know the nature and extent of the former landlord-tenant relationship between Judge Dawson and Defendant, but the government raised the

///

2

issue to obtain a judicial determination as to whether an actual or potential conflict might exist.

In response, Judge Dawson issued a Determination under 28 U.S.C. § 455(a) and Code of Judicial Conduct, Cannon 3E(1)(a). (Dkt. no. 58.) Judge Dawson noted that Defendant's partnership had rented office space from the Judge's corporation and that Defendant's partnership's rental unit was one of a dozen or so offices in the same building. The landlord-tenant relationship terminated amicably in 2001 and without any residual financial obligation. Judge Dawson explained that other than the landlord-tenant relationship, there has been no further association between the Judge and Defendant. Judge Dawson noted that he has no personal bias or prejudice concerning Defendant and the nature of his corporation's business relationship with Defendant's partnership would not cause the Judge's impartiality to be reasonably questioned. Recognizing a judge's obligation to recuse as well as an obligation not to recuse when there is no occasion for recusal, Judge Dawson concluded that recusal was not proper. Neither the government nor Defendant raised any objection.

At the September 4, 2012, sentencing hearing, Judge Dawson recounted the previous proceedings involving the government's Request for Determination and his Determination.[1] Judge Dawson then informed the parties of a recent development in an unrelated tax case over the course of the last three or four months. The attorneys from the Tax Division sought Judge Dawson's recusal from a case based on an alleged appearance of impropriety due to a pending investigation into whether Judge Dawson had any connection to a defendant who he had sentenced in an unrelated tax case. The investigation quickly established that there was no connection, but Judge Dawson had nevertheless decided to recuse from that case. As Judge Dawson explained, the

---

[1] The Court is compelled to quote extensively from the transcript of the September 4, 2012, hearing because Defendant's Motion omits material information, including Judge Dawson's clarification that his former relationship with Defendant did not affect his judgment or decisions during trial or any other proceedings in this case and his decision to recuse stemmed from a recent development in another case.

3

1  development in that case – the request for him to recuse – raised two concerns: (1) if
2  recusal was raised in a case where there was no relationship, his former landlord-tenant
3  relationship with Defendant might cause objection to be raised even though none was
4  raised at any time during the course of this case; and (2) Defendant might be concerned
5  as to how the fact that Judge Dawson was asked to recuse in the unrelated recent case
6  may affect his decision and judgment in this case, particularly since Defendant has
7  applied for a sentencing variance. In an abundance of caution, Judge Dawson decided
8  to recuse himself from sentencing and permit another judge to handle sentencing and
9  further proceedings. Judge Dawson made it clear that his former business relationship
10 with Defendant had no effect on how he handled this case:

> I will state for the record that I thought there was – at the time that I heard this case I thought there was nothing wrong with my doing so. I feel that I was fair and objective in my rulings, that my rulings were based upon the law, and that there was no impropriety involved at all in my hearing – in my hearing the case.

14 (Dkt. no. 144 at 6:25-7:5.)

15 The government agreed, stating that "there is no appearance of impropriety or
16 any conflict in [the Court] either hearing the trial or in conducting sentencing based on"
17 the Judge's former business relationship with Defendant. (*Id.* at 7:15-18.)  Counsel for
18 Defendant also agreed. In fact, counsel for Defendant pointed out that he did not see
19 any issue with how Judge Dawson conducted this case or how trial was handled:

> In talking with my client, we're both of the impression that your Honor's analysis of the past history of the case was absolutely spot on. We have no issues with you, the way in which you presided over the case at the time of trial, at least from my review of the record, and I certainly don't now. It would be our preference that you remain as the sentencing judge.

24 (*Id.* at 8:1-6.)  Defendant also expressed that "I don't have a problem – haven't had a
25 problem with you." (*Id.* at 8:24-25.)
26 Following this exchange, Judge Dawson further explained to Defendant why the
27 issue raised by the attorneys from the Tax Division in another case and the subsequent
28 ///

4

media coverage about his sentencing decision in an unrelated tax case led to his decision to recuse from sentencing in this case:

> You may not have read the paper. I, unfortunately, had to do that day after day to find out what was being said and try to figure out why it was said. . . And, having – having taken this job as a way, solely, of bringing honor to my parents who gave up everything to see their kids become lawyers, it - - it obviously had an impact. I believe that I can separate that and I can do the job that I took an oath to do and that is to judge each case fairly and impartially. But I could not blame you or your attorney from coming to the conclusion that that experience might have an impact in deciding your sentence.

(Dkt. no. 144 at 9:12-24.)

On October 9, 2012, this case was reassigned to this Court for sentencing. Sentencing was ultimately scheduled for December 4, 2012.[2] On November 27, 2012, Defendant filed his Motion, contending that Judge Dawson's decision to recuse constitutes "newly discovered evidence" to support his request for a new trial under Fed. R. Crim. P. 33.

**III.   DISCUSSION**

  **A.   Legal Standard**

The trial court is vested with discretion to grant a new trial and "may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a); *see United States v. Pimentel*, 654 F.2d 538, 545 (9th Cir. 1981). A new trial should only be granted in "exceptional circumstances in which evidence weighs heavily against the verdict." *See United States v. Del Toro-Barboza*, 673 F.3d 1136, 1153 (9th Cir. 2012) (citing *Pimentel*, 654 F.2d 538).

  **B.   Analysis**

Defendant's Motion is based on Judge Dawson's recusal decision. However, Defendant has waived any right to object to Judge Dawson's decision. Moreover, Defendant's Motion is untimely under 28 U.S.C. § 455 and Fed. R. Crim. P. 33. Even

---

[2] Some of the recent continuances were due to the Court's trial calendar after this case was reassigned.

setting aside these procedural defects, the Court finds no exceptional circumstances requiring a new trial.

### 1. Waiver

Defendant has waived any right to argue that Judge Dawson's corporation's landlord-tenant relationship with his partnership should disqualify the Judge from presiding over trial. 28 U.S.C. § 455 "expressly contemplates that a party may waive an appearance of impropriety ground for disqualification if the waiver is 'preceded' by a full disclosure on the record of the basis for disqualification.'" *United States v. Roger*,119 F.3d 1377, 1381 (9th Cir. 1997) (finding waiver where defendant withdrew his assertion of a conflict based on the sentencing judge's relationship with a financial institution who was a victim after the judge explained the history and extent of his relationship with the victim institution). Until this Motion, Defendant never once raised any objection to Judge Dawson presiding over this case. It was the government who brought the issue of Defendant's former business relationship to Judge Dawson's attention even though Defendant presumably knew that his partnership rented office space from Judge Dawson's corporation. Moreover, Defendant did not object when Judge Dawson issued the Determination that the former business relationship with Defendant was not cause for recusal. Defendant cannot now object to Judge Dawson presiding over trial based on a claimed appearance of impropriety when he failed to object before trial.

### 2. Untimeliness

Motions relating to disqualification of judges under 28 U.S.C. § 455 must be timely made. *See Davies v. Commissioner*, 68 F.3d 1129, 1131 (9th Cir. 1995) ("Recusal motions 'must be made in a timely fashion'") (quoting *E. & J. Gallo Cattle Co.*, 967 F.2d 1280, 1295 (9th Cir. 1992)). This is because "a party having information that raises possible ground for disqualification cannot wait until after an unfavorable judgment before bringing the information to the court's attention." *Roger*, 119 F.3d at 1381.

///

1       Here, Defendant is seeking a new trial based on Judge Dawson's decision to
2 recuse from presiding over sentencing over a year after the jury's verdict and over three
3 months after the Judge announced his decision. Defendant acknowledges that
4 disqualification motions must be filed before trial.  However, Defendant argues that the
5 government timely raised the issue of recusal and Judge Dawson decided not to
6 recuse, but reversed his decision after the trial.  Defendant further argues that the facts
7 that caused Judge Dawson to decide to recuse were no different on September 4, 2012,
8 than they were when the government filed its Request for Determination on August 3,
9 2009, and when the Court issued the Determination on September 1, 2011.  According
10 to Defendant, Judge Dawson's decision to recuse was "based on issues *previously*
11 brought to the Court's attention by the Government, *prior* to Trial." (Dkt. no. 142 at 4:3-
12 7.)  This is simply not true.

13      Defendant's argument ignores Judge Dawson's explanation as to the new
14 development that occurred in the last three to four months before the September 4,
15 2012, hearing.  As Judge Dawson explained, attorneys from the Tax Division sought his
16 recusal from a case based on how he had sentenced a defendant in another tax case
17 who had no connection to the Judge. This request caused Judge Dawson to be
18 concerned about presiding over sentencing in Defendant's case.  Judge Dawson also
19 explained that given the media coverage over that issue, he would understand if
20 Defendant is concerned about the Judge presiding over sentencing in this case.  Thus,
21 contrary to Defendant's representation to the Court, Judge Dawson's decision to recuse
22 was not based on the issue raised in the government's Request for Determination –
23 Judge Dawson's former business relationship with Defendant. There were additional
24 facts having nothing to do with Defendant that arose *after* the jury's verdict that led
25 Judge Dawson to decide to recuse from sentencing.

26      To overcome Fed. R. Crim. P. 33(b)'s requirement that a motion for a new trial be
27 filed within 14 days from the jury's verdict, Defendant argues that his Motion falls within
28 Fed. R. Crim. P. 33(b)(1) because Judge Dawson's recusal decision constitutes "'newly

7

1  discovered' piece of evidence only discoverable after the verdict of guilty was rendered."
2  (Dkt. no. 142 at 7:26-8:2.)  Rule 33(b)(1) extends the filing deadline to 3 years if the
3  motion for a new trial is "grounded on newly discovered evidence."  To prevail on a
4  motion for a new trial based on newly discovered evidence, the defendant must satisfy a
5  five-part test: "(1) the evidence must be newly discovered; (2) the failure to discover the
6  evidence sooner must not be the result of a lack of diligence on the defendant's part; (3)
7  the evidence must be material to the issues at trial; (4) the evidence must be neither
8  cumulative nor merely impeaching; and (5) the evidence must indicate that a new trial
9  would probably result in acquittal." *United States. v. Kulczyk*, 931 F.2d 542, 548-49 (9th
10 Cir. 1991).

11 First and foremost, Judge Dawson's decision to recuse is not "evidence" in the
12 case. His decision is not part of the facts of the case and would not have been
13 "evidence" for the jury to consider.  Even if Judge Dawson's recusal decision is deemed
14 "evidence," it is not material to the issues at trial and does not indicate that a new trial
15 would probably result in acquittal.  Defendant cannot rescue an untimely filed motion by
16 characterizing Judge Dawson's recusal decision as "newly discovered evidence."

17 **3.   Lack of Merit**

18 Even if the Court were to disregard the procedural defects discussed above,
19 Judge Dawson's recent recusal decision does not create "exceptional circumstances" to
20 warrant a new trial. Judge Dawson did not have to recuse himself. He did so in an
21 abundance of caution because of his concerns regarding an appearance of impropriety
22 given the issue raised in an unrelated tax case and the resulting media coverage.  His
23 decision stemmed from recent developments three or four months before the
24 September 4, 2012, sentencing hearing having no connection to Defendant.

25 More importantly, it is clear that Judge Dawson's impartiality at trial could not be
26 questioned.  Before the trial, Judge Dawson determined that the nature of his former
27 landlord-tenant relationship with Defendant's partnership would not cause his
28 impartiality to be reasonably questioned. (Dkt no. 58.)  Neither the government nor

Defendant disagreed with the Judge's determination.  In fact, even after Judge Dawson announced his decision to recuse, all involved – Judge Dawson, the government, Defendant and his counsel – agreed that Judge Dawson conducted trial fairly and objectively.  As defense counsel assured the court:  "We have no issues with you, the way in which you presided over the case at the time of trial."  (Dkt. no. 144 at 8:3-5.)  Defendant's view has not changed with his filing of the Motion.[3]  Accordingly, the Court finds that Judge Dawson's decision to recuse from sentencing does not create even the appearance of impropriety so as to cause his impartiality at trial to be questioned.  The interest of justice is not served by granting a new trial.

## IV.   CONCLUSION

IT IS ORDERED that Defendant's Motion to Vacate Sentencing Date and Set Jury Verdict (dkt. no. 142) is DENIED.

DATED THIS 13th day of December 2012.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[3] Defendant states in his Motion that he is not "alleging any specific instance of actual impropriety on the part of Judge Dawson."  (Dkt. no. 142 at 8:8-9.)

9