DANIEL G. BOGDEN
United States Attorney
CAMILLE W. DAMM
Assistant United States Attorney
333 Las Vegas Blvd. South, Ste. 5000
Las Vegas, Nevada 89101
(702) 388-6336 / Fax: (702) 388-6698

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

-oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) DC No. 09-CR-56 |
| vs. | ) |
| IAN CHRISTOPHERSON, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

The United States of America, by and through Daniel G. Bogden, United States Attorney, and Camille W. Damm, Assistant United States Attorney, hereby responds in opposition to Ian Christopherson's Motion For Bail Pending Appeal. Doc. # 163.

I.  PROCEDURAL BACKGROUND

On February 18, 2009, the grand jury returned a two count indictment charging Christopherson with Income Tax Evasion (count 1)

and Employment Tax Evasion (count 2) both in violation of 26 U.S.C. § 7201.  Doc. # 1.   Christopherson appeared for initial appearance on February 27, 2009.  The government did not seek detention and Christopherson was released on a personal recognizance bond.  Doc. # 6.

The case proceeded to jury trial before Judge Kent J. Dawson on September 19, 2011 through September 23, 2011, when the jury returned guilty verdicts on both counts. Doc. ## 82,84,88,89,92, 95.  On October 7, 2011, Christopherson filed a motion for judgment of acquittal (Doc. # 99) and the government responded.  Doc. # 100.  On December 12, 2012, Judge Miranda M. Du, having received the case in the interim, denied the motion for judgment of acquittal.  Doc. # 148.

On December 17, 2012, Judge Du sentenced Christopherson to thirty-three months' of custody and ordered him to self-surrender on March 20, 2013.  Doc. # 151.  Christopherson filed a notice of appeal on December 28, 2012, Doc. # 152, and the instant motion for bail pending appeal on February 15, 2013.  Doc. # 163.

II.   FACTS

Christopherson is a licensed attorney in the State of Nevada.  PSR ¶ 7.  During the charged tax years (1992 through 1998) he employed others and generated taxable income through his legal practice.  *Id.*  However, he has a history of non-filing and non-payment of taxes dating back to the 1980s.  PSR ¶ 8.

On December 22, 1998, Christopherson filed back tax returns for his 1994 through 1997 individual income taxes, eight federal unemployment tax returns for the tax years 1992 through 1998, and over 20 quarterly employment tax returns dating back to 1994.  PSR ¶ 9.  He calculated an outstanding tax liability of $175,685 but did not submit any payment with the returns.  *Id.*

On June 6, 1999, Christopherson filed a fraudulent offer in compromise before which he withdrew $200,000 from his trust account and placed it in an undisclosed account with TD Waterhouse, and concealed another account containing about $55,000.  PSR ¶ 10.

Christopherson did not complete the offer in compromise with the IRS and withdrew the offer on July 27, 2000.  PSR ¶ 11.  To forestall collection efforts, he told the IRS he intended to file another offer in

compromise and would make $2,000 payments while it was being prepared. PSR ¶ 12. He did not make good faith payments and the IRS began collection efforts. *Id.*

Christopherson's friends opened a nominee bank account funded by deposits from Christopherson's trust account and from his clients, for the purpose of concealing his income from the IRS. PSR ¶ 14. Checks were written on the account for Christopherson's benefit, including credit card, automobile and utility payments. *Id.*

While advising the IRS that he wanted to resolve his tax liability, Christopher made only nominal efforts to make payments. PSR ¶ 15. At the time of sentencing, Christopherson had made only two voluntary payments, for $2,500 and $2000. *Id.* His offer in compromise contained misrepresentations and omissions about his assets and he refused to file outstanding returns which he knew to be necessary to complete an offer in compromise. *Id.* At the time of sentencing, he had not filed a tax return for tax years 1998 through 2010. *Id.* His personal and employment tax loss amount to $710,505.08. PSR ¶ 18.

III.  ARGUMENT

CHRISTOPHERSON IS NOT ELIGIBLE FOR BAIL PENDING APPEAL BECAUSE HIS APPEAL DOES NOT RAISE A SUBSTANTIAL QUESTION OF LAW OR FACT  LIKELY TO RESULT IN REVERSAL OR AN ORDER FOR A NEW TRIAL

An individual convicted of a federal crime may not be released pending appeal unless a court finds, *inter alia*, that the appeal raises a substantial question of law or fact likely to result in reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process. 18 U.S.C. § 3143(b)(1)(B); *United States v. Garcia*, 340 F.3d 1013, 1015 (9th Cir. 2003).

A "substantial question" is one that is "fairly debatable," *United States* v. *Handy*, 761 F.2d 1279, 1283 (9th Cir. 1985) (quoting *D'Aquino* v. *United States*, 180 F.2d 271, 272 (11th Cir. 1950); *Barefoot* v. *Estelle*, 463 U.S. 880, n.4 (1983)), or "fairly doubtful." *Ibid*. (quoting *United States* v. *Miller*, 753 F.2d 19, 23 (3d Cir. 1985)).

Christopherson asserts that this Court committed reversible error in 1) instructing the jury on the lesser included offense of willful failure to pay taxes, and 2) in refusing to dismiss the case based on pre-trial

delay, either of which he claims is likely to result in a new trial or re-sentencing. He fails to make the necessary showing with respect to either claim.

    A.    <u>The Lesser Included Jury Instruction</u>

Christopherson argues that this Court erred by instructing the jury on the lesser-included-offense of failure to pay taxes because the statute of limitations had expired on that offense. He fails to make the required showing because even if the instruction was improper, any error was harmless. *See Neder v. United States,* 527 U.S. 1, 6-15, 119 S.Ct. 1827, 1832-1837 (1999) (discussing and applying harmless error analysis to jury instruction error). Where the jury found Christopherson guilty of the greater, charged offense in both counts, the jury instruction on the lesser-included-offenses cannot be said to have affected his substantial rights. *See* Fed.R.Crim.P. 52(a).

    B.    <u>Alleged Pre-Indictment Delay</u>

Christopherson also claims that delay of over two years between indictment and trial was reversible error where he was prejudiced by the death of grand jury witness, George Hart. He does not provide sufficient information upon which to decide the issue and thus fails to

meet his burden.

Moreover, a review of the case history as contained in the clerk's record demonstrates its lack of merit. The trial date was continued seven times. Christopherson stipulated to, or moved for, each of the continuances. *See* Doc. # 10 (stipulation of the parties, filed by Defendant on the grounds that the defense needed more time); Doc. # 13 (stipulation of the parties, filed by Defendant on the grounds that the defense needed more time); Doc. # 19 (motion for continuance filed by Defendant on the grounds that Mr. Hart in a long term care facility with rapidly declining health and minimal likelihood of returning to work or survival); Doc. # 31 (stipulation filed by Defendant, on the grounds that defense need more time due Mr. Hart's death); Doc. # 38 (motion to vacate and continue trial date filed by Defendant on the grounds that defense needs more time; government unable to stipulate because of upcoming transfer of case agent); Doc. # 46 (stipulation of the parties filed by the government); and Doc. # 53 (stipulation of the parties filed by the government).

Christopherson was responsible for, or at least agreed to, all of the delay, much of which occurred after the death of Mr. Hart. He cannot

prevail on the issue on this record.

IV. CONCLUSION

For the reasons stated above, Christopherson's motion for bail pending appeal should be denied.

Dated: February 27, 2013.

        Respectfully submitted,
        DANIEL G. BOGDEN
        United States Attorney

        /s/ Camille W. Damm
        CAMILLE W. DAMM
        Assistant United States Attorney

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the office of the United States Attorney for the District of Nevada and is a person of such age and discretion as to be competent to serve papers.

That on February 27, 2013, she served a copy of the attached, Opposition to Ian Christopherson's Motion For Bail Pending Appeal, using the CM/ECF electronic filing system.

/s/ Sarah Lauer-Overby
SARAH LAUER-OVERBY
Paralegal