1
2
3
4
5
6
7                          UNITED STATES DISTRICT COURT

8                              DISTRICT OF NEVADA

9                                    * * *

10   UNITED STATES OF AMERICA,            Case No. 2:09-cr-00056-MMD-VCF

11                        Plaintiff,              ORDER

12        v.

13   IAN CHRISTOPHERSON,

14                        Defendants.

15

16        Defendant was convicted on two counts of tax evasion on September 23, 2011,

17   after a five day jury trial.  The Court sentenced Defendant to a term of 33 months per

18   count to be served concurrently and ordered Defendant to self-surrender on March 20,

19   2013.  About a month before the scheduled self-surrender date, Defendant filed his

20   Motion for Bail Pending Appeal (dkt. no. 163).  For the reasons discussed below, the

21   Motion is denied.

22        As an initial matter, the Court notes that Defendant filed a Reply pro se. This is in

23   violation of Local Rule IA 10-6, which prohibits a party who is represented by counsel to

24   act or appear in the case.  The Reply is also improper because it addresses matters

25   outside the scope of the government's response.  In fact, Defendant offers additional

26   arguments that were not raised at trial as to why the inclusion of the lesser-included

27   offense instruction was not harmless error.   The Court nevertheless did consider

28   Defendant's Reply.

Under the Bail Reform Act of 1984, 18 U.S.C. § 3143(b), the Court must detain an individual who has been convicted and sentenced and who has filed an appeal unless the Court finds "(B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result" in reversal, new trial, a sentence that does not include incarceration or a reduced sentence.[1]   The Ninth Circuit has interpreted the phrase "substantial question" to mean a question that is "'fairly debatable' . . . or 'fairly doubtful' " and includes "questions that are novel or not readily answerable."   *United States v. Handy*, 761 F.2d 1279,1283 (9th Cir.1985).   Thus, to obtain release pending appeal, a defendant does not have to show the appeal will probably result in reversal; the defendant has only to show that the substantial question on appeal is "fairly debatable."   The Court finds that Defendant has not made such a showing here.

Defendant contends that he will raise several substantial questions of fact and law on appeal, but offers only two such questions to support his Motion.   The two questions are (1) the Court's instruction to the jury on the lesser-included offenses of failure to pay taxes when the statute of limitations had expired on that offense and (2) the two year pre-indictment delay violated Defendant's Fifth Amendment right to due process because one of the witnesses who testified before the Grand Jury (George Hart) died before trial and the Court excluded such Grand Jury testimony at trial.

With respect to the first question, Defendant did not object to the lesser-included offense instruction but sought to supplement it by proposing an instruction to clarify the evidence that may be considered because of the statute of limitations.   (Dkt. no. 87, Defense Proposed Instruction No. 2; dkt. no. 116 at 7-9.)   After the government informed the Court that Defendant had waived the statute of limitations, the Court rejected Defendant's request to include reference to the statute of limitations and

---

[1]Defendant also has to establish by clear and convincing evidence that he does not pose a flight risk or danger to the community. 18 U.S.C. § 3143(b)(1)(A). Defendant argues that he has made such a showing and the government does not challenge Defendant on this point.  The Court agrees with Defendant.

1   directed Defendant to raise the issue via a motion to set aside the verdict if Defendant

2   had not waived the limitations period.  (Dkt. no. 116 at 7-9.)  Defendant did not raise this

3   issue when he brought his Motion for Judgment of Acquittal following the jury's verdict.

4   (*See* dkt. no. 99.)

5           In his Reply, Defendant argues for the first time that the Court committed

6   substantial error in providing the lesser-included offense instruction on other grounds.

7   This question is not even "fairly debatable."   A lesser-included offense instruction is

8   proper where the jury could have convicted defendant of the lesser offense without

9   relying on the "precise evidence which establishes guilt of the offenses charged."

10  *United States v. Pedroni,* 958 F.2d 262, 267 (9th Cir. 1992) (*quoting United States v.*

11  *Linn,* 880 F.2d 209, 218 (9th Cir. 1989)).  In other words, there must be evidence for the

12  jury to rationally conclude that "defendant was guilty of the lesser-included offense but

13  not of the greater."  *Id.* The jury could have reasonably concluded Defendant was guilty

14  of the lesser offenses of failure to pay taxes, but not the greater offenses of tax evasion

15  which requires the government to show that Defendant made "an affirmative attempt to

16  evade or defeat" taxes.  (*See* dkt. no. 91, Instruction Nos. 10 & 12.)  Moreover, the

17  Court agrees with the government that because the jury convicted Defendant on the

18  greater offenses, any error in providing the lesser-included offense instruction was

19  harmless.   The Court therefore concludes that Defendant has not established the

20  question raised relating to the lesser–included offenses, whether based on the

21  expiration of the statute of limitations or the additional grounds asserted in the Reply,

22  constitutes a substantial question on appeal.

23          As to the issue of pre-indictment delay, Defendant must satisfy a two-part test to

24  establish that such delay violated his due process rights: "1) he must prove that he

25  suffered actual, non-speculative prejudice from the delay; and 2) he must show that the

26  delay, when balanced against the government's reasons for it, 'offends those

27  fundamental conceptions of justice which lie at the base of our civil and political

28  institutions.'"  *United States v. DeGeorge*, 380 F.3d 1203, 1210-11 (9th Cir. 20004)

3

1   (*quoting United States v. Doe*, 149 F.3d 945, 948 (9th Cir. 1998).  Defendant discusses

2   the first part, but fails to address the second part.  Moreover, the trial continuances

3   granted before Mr. Hart's death were granted at Defendant's request, and therefore

4   Defendant cannot now claim prejudice by such delay.  Mr. Hart died on February 16,

5   2010 (dkt. no. 72), approximately one year after Defendant was indicted.  During that

6   time frame, Defendant sought three continuances of trial.  (*See* dkt. nos. 10, 13, 19.)  In

7   fact, the third motion for continuance was based in part on Mr. Hart's deteriorating

8   health.  (Dkt. no. 19.)  Defendant expressed the desire to depose Mr. Hart to preserve

9   his testimony, but this apparently did not occur.  The Court therefore concludes that

10   question of pre-indictment delay is not a substantial question on appeal.

11           IT IS THEREFORE ORDERED that Defendant's Motion for Bail Pending Appeal

12   (dkt. no. 163) is DENIED.

13

14           DATED THIS  5th day of  March 2013.

15

16                                                    MIRANDA M. DU
17                                                    UNITED STATES DISTRICT JUDGE

18

19

20

21

22

23

24

25

26

27

28