UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff-Respondent,<br>　　v.<br>IAN CHRISTOPHERSON,<br><br>　　　　　　　　Defendant-Petitioner. | Case No. 2:09-cr-00056-MMD-VCF<br><br>ORDER |

Before the Court are two motions: (1) Motion to Clarify Status As Pro Se and Indigent ("Motion to Clarify") (dkt. no. 191); and (2) Motion to Produce Billing Records ("Motion to Produce") (dkt. no. 192).

In the Motion to Clarify, Petitioner appears to seek guidance that he may represent himself in his anticipated *writ of habeas corpus* proceedings and that he qualifies for *in forma pauperis* status. As Petitioner has not yet filed a petition for *writ of habeas corpus*, counsel has not yet been appointed.[1] As for the second part of Petitioner's request, the Court cannot provide an advisory ruling on Petitioner's indigent status. Petitioner will have to submit the proper application to proceed *in forma pauperis*

---

[1] There is no constitutional right to appointed counsel for a federal *habeas corpus* proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984).

in connection with his petition for *writ of habeas corpus*. The Motion to Clarify is therefore denied.

The Motion to Produce seeks a copy of payment records to Petitioner's counsel in connection with his representation in the underlying case pursuant to 18 U.S.C. § 3006A(d). Section 3006A(d)(4) provides that, subject to certain conditions,[2] the amounts paid to represent indigent defendants "shall be made available to the public by the court upon the court's approval of the payment." As a member of the public, Petitioner is entitled to disclosure of the amounts paid to his attorneys. To the extent Petitioner is seeking detailed billing records, Petitioner will need to request the information from his attorney. In addition, pursuant to 18 U.S.C. § 3006(d)(4)(E), the Court must give notice to defense counsel of the request for public disclosure to provide counsel the opportunity to request any redactions based on the considerations set forth in section 3006(d)(4)(D). A copy of the notices to Petitioner's former appointed counsel is attached. The Court will issue an order addressing disclosure upon expiration of the time period for counsel to respond.

It is ordered that the Motion to Clarify (dkt. no. 191) is denied. The Court directs the Clerk to send Petitioner two (2) copies each of the Court's approved application form to proceed *in forma pauperis* for incarcerated persons and the Court's approved form for filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255, as well as one copy of the instructions for each form.

It is further ordered that the Motion to Produce (dkt. no. 192) is granted as set forth herein.

DATED this 5th day of February 2015.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[2] These conditions no longer apply in light of Petitioner's exhaustion of his appellate rights.

**UNITED STATES DISTRICT COURT**
**OFFICE OF THE CLERK**
**DISTRICT OF NEVADA**
LLOYD D. GEORGE U.S. COURTHOUSE
333 LAS VEGAS BOULEVARD SOUTH
LAS VEGAS, NEVADA 89101
(702) 464-5400

**LANCE S. WILSON**
**CLERK OF COURT**

CYNTHIA K. JENSEN
CHIEF DEPUTY, LAS VEGAS

JAKE HERB
CHIEF DEPUTY, RENO

February 2, 2015

Todd M. Leventhal
Leventhal and Associates
626 South Third Street
Las Vegas, Nevada 89101

Dear Mr. Leventhal:

    Re:   *United States v. Ian Christopherson*
            2:09-cr-00056-MMD-VCF

The court recently received a request from Ian Christopher, by means of a motion, for the total amount of CJA funds paid in the above-referenced case. Pursuant to 18 U.S.C. 3006A, the court must provide reasonable notice of disclosure to counsel for the defendant prior to releasing such information.

Please respond within 30 days of the date of this letter with any comments or objections specifically based on the interests identified in 18 U.S.C. §3006A(d)(4)(D):

1. to protect any person's 5th amendment right against self-incrimination;
2. to protect the defendant's 6th amendment rights to effective assistance of counsel;
3. the defendant's attorney-client privilege;
4. the work product privilege of the defendant's counsel;
5. the safety of any person; and
6. any other interest that justice may require, except that the amount of the fees shall not be considered a reason justifying any limited disclosure under 18 U.S.C. 30026A(d)(4).

Sincerely,

*Lance S. Wilson*

Lance S. Wilson
Clerk of Court

UNITED STATES DISTRICT COURT
OFFICE OF THE CLERK
DISTRICT OF NEVADA
LLOYD D. GEORGE U.S. COURTHOUSE
333 LAS VEGAS BOULEVARD SOUTH
LAS VEGAS, NEVADA 89101
(702) 464-5400

LANCE S. WILSON
CLERK OF COURT

CYNTHIA K. JENSEN
CHIEF DEPUTY, LAS VEGAS

JAKE HERB
CHIEF DEPUTY, RENO

February 2, 2015

Randall J. Roske
2055 West Charleston Blvd., Suite C
Las Vegas, Nevada 89101-2258

Dear Mr. Roske:

Re:   *United States v. Ian Christopherson*
      2:09-cr-00056-MMD-VCF

The court recently received a request from Ian Christopher, by means of a motion, for the total amount of CJA funds paid in the above-referenced case. Pursuant to 18 U.S.C. 3006A, the court must provide reasonable notice of disclosure to counsel for the defendant prior to releasing such information.

Please respond within 30 days of the date of this letter with any comments or objections specifically based on the interests identified in 18 U.S.C. §3006A(d)(4)(D):

1. to protect any person's 5th amendment right against self-incrimination;
2. to protect the defendant's 6th amendment rights to effective assistance of counsel;
3. the defendant's attorney-client privilege;
4. the work product privilege of the defendant's counsel;
5. the safety of any person; and
6. any other interest that justice may require, except that the amount of the fees shall not be considered a reason justifying any limited disclosure under 18 U.S.C. 30026A(d)(4).

Sincerely,

*Lance S. Wilson*

Lance S. Wilson
Clerk of Court