UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff-Respondent,<br><br>　v.<br><br>IAN CHRISTOPHERSON,<br><br>　　　　　　　Defendant-Petitioner. | Case No. 2:09-cr-00056-MMD-VCF<br>Related Case No. 2:15-cv-00704-MMD<br><br>ORDER |

This case involves a petition to vacate or set aside a sentence pursuant to 28 U.S.C. § 2255 ("Petition") filed by Petitioner Ian Christopherson. (Dkt. no. 199.) The Court directed the government to respond to the Petition. (Dkt. no. 200.) In response, the government filed a motion to waive the attorney-client privilege between Petitioner and his former counsel and to direct Petitioner's former counsel to provide responsive affidavits ("Motion"). (Dkt. no. 202.) Petitioner opposes the government's Motion. (Dkt. no. 207.)

The government contends that because Petitioner is alleging ineffective assistance of trial counsel, information from Petitioner's former counsel, Randall Roske, is necessary to respond to Defendant's claims. Accordingly, the government requests that the Court find that Petitioner has waived the attorney-client privilege as to Petitioner's communications with Mr. Roske. The government further requests that the Court direct Mr. Roske to "provide affidavits responding to [Petitioner's] allegations." Petitioner does not dispute that a claim of ineffective assistance of counsel may result in

a waiver of the attorney-client privilege, but he argues that his allegations of ineffective assistance of counsel are evident in the records before the Court and may be resolved based on those records alone.

It is well established that "where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer." *Bittaker v. Woodford*, 331 F.3d 715, 716 (9th Cir. 2003) (en banc). "The defendant impliedly waives his attorney-client privilege the moment he files a habeas petition alleging ineffective assistance of counsel." *Lambright v. Ryan*, 698 F.3d 808, 818 (9th Cir. 2012) (citing *Bittaker*, 331 F.3d at 716). This rule, which has been identified as "the fairness principle," ensures that "parties in ligation may not abuse the privilege by asserting claims the opposing party cannot adequately dispute unless it has access to the privileged materials." *Bittaker*, 331 F.3d at 719. The waiver of the attorney-client privilege, however, is limited to the adjudication of the ineffective assistance of counsel claim in the federal habeas case. *See Bittaker,* 331 F.3d at 727-28 ("[D]istrict courts have the obligation, whenever they permit discovery of attorney-client materials as relevant to the defense of ineffective assistance of counsel claims in habeas cases, to ensure that the party given such access does not disclose these materials, except to the extent necessary in the habeas proceeding, i.e., to ensure that such a party's actions do not result in a rupture of the privilege.")

In Ground Six of the Petition, Petitioner raises a claim of ineffective assistance of counsel. (Dkt. no. 199 at 9.) Petitioner recited a list of actions and inactions carried out by former counsel, particularly by Mr. Roske, to support his claim. (Dkt. no. 199-1 at 17-20.) For example, Petitioner alleges that Mr. Roske was not prepared for trial because he had "an investigator do much of the work," Mr. Roske "did not contact or question witnesses until shortly (less than a week) before trial," and Mr. Roske did not prepare Petitioner as a witness or discuss the sentencing hearing with him. (*Id.* at 19.) By raising these allegations, Petitioner may very well have waived the attorney-client privilege with respect to communications with Mr. Roske that fall within the scope of these allegations.

However, the Court cannot determine the scope of the waiver of the attorney-client privilege because of the broad nature of the government's discovery request. The Court "may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." Rule 6(a) of the Rules Governing Section 2254 Cases in the United States District Courts. Discovery requests must be specific. *See id.* Rule 6(b). The government's request for affidavits from Mr. Roske would, in effect, shift the government's obligation to conduct discovery to Mr. Roske by asking the Court to direct Mr. Roske to review Petitioner's allegations and provide affidavits in response. Such a broad request limits the Court's ability to ensure that the waiver of the attorney-client privilege is limited to the adjudication of the ineffective assistance of counsel claim with respect to Mr. Roske in this case.

It is therefore ordered that the government's motion to waive attorney-client privilege (dkt. no. 202) is denied.

DATED this 11th day of August 2015.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE