UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Respondent,<br><br>v.<br><br>IAN CHRISTOPHERSON,<br><br>Defendant-Petitioner. | Case No. 2:09-cr-00056-MMD-VCF<br>Related Case No. 2:15-cv-00704-MMD<br><br>ORDER |

The Court previously denied the government's motion to waive the attorney-client privilege between Petitioner and his former counsel, Randall Roske, and to direct Mr. Roske to provide responsive affidavits ("Motion"). (Dkt. no. 209.) The government has moved for reconsideration. (Dkt. no. 211.) Petitioner opposes (dkt. no. 212) and the government has replied (dkt. no. 213).

The government contends that the Court's decision ("Order") to deny the government's motion to waive the attorney-client privilege between Petitioner and Mr. Roske in full was clearly erroneous because the Court failed to follow well established Supreme Court and Ninth Circuit precedent. To the contrary, the Court's Order acknowledges the settled law with respect to waiver of the attorney-client privilege in the habeas context:

> It is well established that "where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer."*Bittaker v.*

> *Woodford*, 331 F.3d 715, 716 (9th Cir. 2003) (en banc). "The defendant impliedly waives his attorney-client privilege the moment he files a habeas petition alleging ineffective assistance of counsel." *Lambright v. Ryan*, 698 F.3d 808, 818 (9th Cir. 2012) (citing *Bittaker*, 331 F.3d at 716). This rule, which has been identified as "the fairness principle," ensures that "parties in ligation may not abuse the privilege by asserting claims the opposing party cannot adequately dispute unless it has access to the privileged materials." *Bittaker*, 331 F.3d at 719. The waiver of the attorney-client privilege, however, is limited to the adjudication of the ineffective assistance of counsel claim in the federal habeas case. *See Bittaker,* 331 F.3d at 727-28 ("[D]istrict courts have the obligation, whenever they permit discovery of attorney-client materials as relevant to the defense of ineffective assistance of counsel claims in habeas cases, to ensure that the party given such access does not disclose these materials, except to the extent necessary in the habeas proceeding, i.e., to ensure that such a party's actions do not result in a rupture of the privilege.")

(Dkt. no. 209 at 2.) The Court then found that because Petitioner raises claims of ineffective assistance of counsel where he faulted Mr. Roske for certain actions and inactions, he may very well have waived the attorney-client privilege with respect to communications with Mr. Roske that fall within the scope of these allegations. (*Id.*) However, the Court denied the government's Motion because of the broad scope of the government's waiver request and the improper attempt to shift the government's burden in directing discovery to Mr. Roske. The Court therefore disagrees with the government's contention that it committed clear error in denying the government's Motion.

Nevertheless, the Court perhaps could have been clearer in explaining its reasoning to permit the government to address the Court's concerns. The Court "may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." Rule 6(a) of the Rules Governing Section 2254 Cases in the United States District Courts. Discovery requests must be specific. *See id.* Rule 6(b). The government may demonstrate that the scope of its requested waiver will be limited to the allegations in the Petition by submitting a set of narrowed discovery requests that it seeks to serve on Mr. Roske to ascertain information necessary to respond to Petitioner's allegations, instead of placing the burden on Mr. Roske to "provide affidavits responding to [Petitioner's] allegations."

(Dkt. no. 202 at 2.) Without such specific and narrowed discovery requests, the Court cannot ensure that the waiver of the attorney-client privilege is limited to the adjudication of the ineffective assistance of counsel claims with respect to Mr. Roske.

The government suggests that a protective order limiting the government's use of the information from Mr. Roske to only the adjudication of the Petition would suffice to address the Court's concerns. A protective order would limit the use of the privileged communications, but would not protect privileged information unrelated to the adjudication of this Petition from being disclosed in the first place. In the event the Court permits discovery to be propounded on Mr. Roske, the Court will, of course, issue an appropriate protective order.

Petitioner claims that the government has an "ethically tainted" affidavit from Mr. Roske. (Dkt. no. 212 at 2.) The Court has no reason to question the government's explanation as to the circumstances that led Mr. Roske to provide an affidavit to the government. The affidavit was provided in response to an order, erroneously issued, granting the government's Motion. (Dkt. no. 204.) Nor does the Court question the government's representation that the assistant United States Attorney ("AUSA") who received Mr. Roske's affidavit has not and will not share Mr. Roske's affidavit with anyone absent an order from this Court. The Court directs the AUSA who has custody of Mr. Roske's affidavit to shred the affidavit and file a declaration of compliance with this Order.

It is therefore ordered that the government's motion for reconsideration (dkt. no. 211) is denied. The Court clarifies that denial is without prejudice to the government to seek leave of Court to serve and direct Mr. Roske to respond to a set of narrowed and specific discovery requests necessary for the government to respond to the allegations in the Petition that serve as the basis of Petitioner's ineffective assistance of counsel claims.

///

///

It is further ordered that the AUSA who has custody of Mr. Roske's affidavit destroy the affidavit and file a declaration of compliance with this Order within seven (7) days.

DATED this 6th day of October 2015.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE