UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff-Respondent,<br>         v.<br><br>IAN CHRISTOPHERSON,<br><br>                              Defendant-Petitioner. | Case No. 2:09-cr-00056-MMD-VCF<br>Related Case No. 2:15-cv-00704-MMD<br><br>ORDER |

**I.      SUMMARY**

Defendant/Petitioner Ian Christopherson's was convicted of two counts of tax evasion. Before the Court is Christopherson's motion to vacate under 28 U.S.C. § 2255 ("Motion"). (ECF No. 199.) The Court has reviewed the government's response (ECF No. 219) and Petitioner's reply (ECF No. 220).

**II.      RELEVANT BACKGROUND**

**A.      Procedural History**

On February 18, 2009, Christopherson, a licensed Nevada attorney, was indicted on two counts of tax evasion in violation of 26 U.S.C. § 7201. (ECF No. 1.) Count One charged Christopherson with income tax evasion for his individual income tax for tax years 1994 and 1996. (*Id.* at 1-2.) Count Two charged Christopherson with income tax evasion for employment taxes from the first quarter 1994 through the fourth quarter 1998 and federal unemployment tax for tax years 1992 through 1998. (*Id.* at 2.)

At the initial appearing held on February 22, 2009, Christopherson was represented by retained counsel, John R. Lusk.[1] (ECF Nos. 6, 7.) On November 23, 2009, the Court granted Lusk's ex parte motion to be relieved as Christopherson's retained counsel (ECF Nos. 27, 28) and subsequently appointed Randall J. Roske as Christopherson's counsel under the Criminal Justice Act (ECF No. 29). Roske represented Christopherson through completion of trial. The Court granted Christopherson's motion to substitute Joshua Tomsheck as his counsel on January 11, 2012. (ECF No. 107.)

On September 23, 2011, after a five-day jury trial, the jury found Christopherson guilty of both counts in the indictment. Christopherson moved for judgment of acquittal, which the Court denied. (ECF Nos. 99, 148.) Christopherson also moved to vacate the sentencing and set aside the jury verdict based on Judge Dawson's decision to recuse after the jury verdict. (ECF No. 142.) The Court denied this motion, finding that Judge Dawson's impartiality at trial could not be questioned and that his recusal following trial was based on developments occurring months after trial in an unrelated case. (ECF No. 149 at 9-10.)

On December 27, 2012, the Court sentenced Christopherson to 33 months as to each count, to be served concurrently.[2] (ECF Nos. 150, 151.)

Christopherson appealed the judgment. (ECF No. 152.) The Ninth Circuit Court of Appeals found that Christopherson's appeal "argues only that Christopherson was entitled to [a] jury instruction on his good faith misunderstanding of the law." (ECF No. 186 at 2.) The court disagreed, finding that his theory of good faith misunderstanding was "adequately covered by the instruction on willfulness" and affirmed. (*Id.*)

---

[1]Lusk had apparently represented Christopherson in January 2005 during the early stages of the Internal Revenue Service investigation. (ECF No. 18.) Lusk had "negotiated various forms of a resolution" but was not able to obtain a resolution pre-indictment. (*Id.* at 3.)

[2]The Court initially scheduled the sentencing hearing for January 4, 2012. (ECF No. 92.) The sentencing hearing was subsequently rescheduled multiple times. (*See* ECF No. 104, 109, 122, 126, 131, 139, 141, 143.)

**B.    Motion**

The Motion asserts eight grounds: (1) Christopherson's Fifth and Sixth Amendment rights were violated by the addition of 26 U.S.C. § 7203 as a ground for conviction; (2) Christopherson's right to fair trial was violated by the prosecutor's outrageous conduct by the addition of 26 U.S.C. § 7203 at trial; (3) Christopherson was prejudiced by the six and a half years of pretrial delay and was prejudiced by the loss of an important witness (George Hart); (4) Judge Dawson's decision to not recuse before trial violated Christopherson's Fifth and Sixth Amendment rights; (5) Christopherson's rights were violated by the use of perjured testimony; (6) Christopherson's rights were violated by counsel's ineffective representation; (7) Christopherson was denied due process and a fair trial by the Court's rulings precluding Christopherson from asserting evidence of lack of intent—that he was attempting to pay the taxes by his action and that he was unable to pay; and (8) the government failed to produce *Brady* material with respect to the IRS' investigation of George Hart. (ECF Nos. 199; 199-1.)

**III.    DISCUSSION**

**A.    Legal Standard**

Under section 2255(a), a sentencing court is authorized to grant habeas relief if it concludes that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). A petitioner seeking relief under section 2255 "must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady,* 456 U.S. 152, 166 (1982). The alleged error of law must be "a fundamental defect which inherently results in a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 346 (1974).

**B.    Procedural Default: Grounds 1 through 5 and Ground 8**

The government argues that Grounds 1 through 5 and Ground 8 are subject to the procedural default bar for which Christopherson cannot show "cause and prejudice" or

"actual innocence" to excuse his default. (ECF No. 6-10.) Christopherson responds that his claims are not subject to procedural default, and his failure to raise these issues on direct appeal was excused because his appellate counsel refused his request to raise these issues and the Ninth Circuit Court of Appeals denied him the opportunity to supplement his appellate counsel's filings pro se. (ECF No. 220 at 16-19.)

The procedural default rule precludes a petitioner from raising a claim on collateral review if that claim was not raised on direct appeal unless the petitioner can show "cause and prejudice" or actual innocence in response to the default." *United States v. Ratigan,* 351 F.3d 957, 962 (9th Cir. 2003). "[C]ause standard requires the petitioner to show that some objective factor external to the defense impeded counsel's efforts to raise the claim [on direct appeal]." *McCleskey v. Zant*, 499 U.S. 467, 493 (1991) (internal quotation marks omitted). "If a petitioner succeeds in showing cause, the prejudice prong of the test requires demonstrating 'not merely that the errors at . . . trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *United States v. Braswell,* 501 F.3d 1147, 1150 (9th Cir. 2007) (quoting *Frady,* 456 U.S. at 170). "The procedural-default rule is neither a statutory nor a constitutional requirement, but it is a doctrine adhered to by the courts to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massaro v. United States,* 538 U.S. 500, 504 (2003).

The Court agrees with the government that Grounds 1 through 5 and Ground 8 are procedurally defaulted. Christopherson claims that he presented the errors raised in these grounds to appellate counsel, who declined to assert them based on their lack of merits. (*See* ECF No. 220 at 24.) Christopherson has not shown that appellate counsel's response amounted to "objective factor external to the defense" to satisfy the "cause" requirement. Nor is the Ninth Circuit's preclusion of Christopherson from supplementing his briefs pro se sufficient to satisfy the "cause" requirement.

Moreover, even if Christopherson can show cause, he cannot satisfy the prejudice prong. The claimed errors are frivolous and do not rise to "error of constitutional

dimensions." *See Braswell,* 501 F.3d at 1150. Because this analysis is so intertwined with review of the grounds raised on their merits, the Court will address them in turn below.

### 1. Grounds 1 and 2

Grounds 1 and 2 are premised on Christopher's contention that the addition of U.S.C. § 7203 as a ground for conviction violated his Christopherson's Fifth and Sixth Amendment rights and his right to a fair trial. (ECF No. 199 at 5-6.)

Christopherson was indicted on two counts of tax evasion in violation of 26 U.S.C. § 7201. (ECF No. 1.) To be convicted of this felony offense, the government must show "proof of willfulness in the sense of a specific intent to evade or defeat the tax or its payment." *United States v. DeTar,* 832 F.2d 1110, 1115 (9th Cir. 1987) (quoting *Edwards v. United States,* 375 F.2d 862, 867 (9th Cir. 1967). The lesser included offense for this felony is the misdemeanor offense of willful failure to pay tax in violation of 26 U.S.C. § 7203. *Id.* at 1113. A defendant is entitled to an instruction on a lesser included offense if "1) the elements of the lesser offense are a subset of the elements of the charged offense [] and 2) "he evidence would permit a jury rationally to find [the defendant] guilty of the lesser offense and acquit [him] of the greater[." *United States v. Arnt,* 474 F.3d 1159, 1163 (9th Cir. 2007); *see United States v. Pedroni,* 958 F.2d 262, 267 (9th Cir. 1992) (quoting *United States v. Linn,* 880 F.2d 209, 218 (9th Cir. 1989)) (A lesser-included offense instruction is proper where the jury could have convicted defendant of the lesser offense without relying on the "precise evidence which establishes guilt of the offenses charged.") In other words, there must be evidence for the jury to rationally conclude that "defendant was guilty of the lesser-included offense but not of the greater." *Pedroni,* 958 F.2d at 267.

In *DeTar,* the defendant was convicted of eight counts of tax evasion in violation of § 7201. On appeal, he argues that the trial judge should have granted his request to instruct the jury on the lesser included offense of willful failure to pay tax in violation of § 7203. The Ninth Circuit agreed, finding that the lesser included offense instruction should have been given because "a rational jury could have found a lack of intent or motive

necessary to convict of evasion, while still finding a willful failure to pay taxes when due." *DeTar*, 832 F.2d at 1114.

Here, Christopherson did not dispute that he did not pay the taxes at issue. He offered various explanations for why taxes were not paid and his attempts to resolve the tax liability with the IRS. (ECF No. 115 at 169-177.) The government offered Christopherson's use of the account with First Citizen's Bank of Butte under another entity name, Industrial Consultants, beginning in August 2002, as evidence of his willful intent to evade taxes.[3] (*See* ECF No. 148 at 5.) Christopherson testified that he used this account not for the purpose of evading taxes but because he needed to do so to stay in business due to the aggressive and draconian enforcement efforts by the IRS. (*Id.*) By giving the lesser included offense instruction, the jury could have reasonably concluded Christopherson was guilty of the lesser included offenses of failure to pay taxes, but not the greater offenses of tax evasion which requires the government to show that Christopherson made "an affirmative attempt to evade or defeat" taxes. (*See* ECF No. 91, Instruction Nos. 10 & 12.) Thus, any error worked to Christopherson's benefit. Moreover, the Court agrees with the government that because the jury convicted Christopherson on the greater offenses, any error in providing the lesser included offense instruction was harmless. (ECF No. 219 at 14.)

### 2.    Ground 3: Pretrial Delay

Christopherson argues that pretrial delay, including delay that occurred pre-indictment, violated his due process rights and prejudiced him primarily because he was

///

///

///

---

[3]The government presented evidence that Christopherson started using the account under the Industrial Consultants name on or about August 21, 2002, over one year after the IRS issued levies on his accounts, and less than one month after the IRS seized Christopherson's stocks and bonds. (ECF No. 148 at 1-2.) The government argued that such evidence demonstrated Christopherson's willful intent to evade taxes. (*Id.*)

not able to call an important witness, George Hart, who died after Christopherson was indicted.[4] (ECF No. 199 at 6-7; ECF No. 199-1 at 9-12.)

In determining whether pretrial delay violates a defendant's right to a speedy trial under the Sixth Amendment, courts consider "four separate inquiries: whether delay before trial was uncommonly long, whether the government or the criminal defendant is more to blame for that delay, whether, in due course, the defendant asserted his right to a speedy trial, and whether he suffered prejudice as the delay's result." *Doggett v. United States,* 505 U.S. 647, 651 (1992). The last three factors compel a finding against Christopherson.

First, the delay pre-indictment was due in part to Christopherson's attempt to negotiate a resolution with the IRS. (*See* ECF No. 18 at 2-3 (Lusk's recount of his representation of Christopherson since January of 2005, including attempts to negotiate a resolution); ECF No. 219 at 27.) As for the post-indictment delay, the trial continuances granted before Hart's death were granted at Christopherson's request, and therefore he cannot now claim prejudice by such delay. Hart, a partner in Industrial Consultants, died on February 16, 2010 (ECF No. 72), approximately one year after Christopherson was indicted. During that time frame, Christopherson sought three continuances of trial. (*See* ECF Nos. 10, 13, 19.) In fact, the third motion for continuance was based in part on Hart's deteriorating health. (ECF No. 19.) Second, Christopherson did not assert his right to a speedy trial. More importantly, Christopherson cannot claim that he suffered any prejudice as a result of the delay. He suggests that his inability to call Mr. Hart as a witness prejudiced him. However, Hart did not pass away until a year after Christopherson was

///

///

///

---

[4]Christopherson suggests that the delay of six and a half years exceeded the statute of limitations. (ECF No. 199 at 6.) However, as the government points out, the indictment alleges that Christopher's alleged acts of evasion were "continuing through the present." (ECF No. 1 at 1.)

1   indicted. Moreover, Christopherson fails to explain how Hart's testimony would have

2   helped him.[5]

3   ### 3.   Ground 4: Judge Dawson's Recusal

4   Christopher's claim of error is that Judge Dawson's recusal post-trial shows

5   that he was not impartial and should have recused pre-trial.[6] (ECF No. 199 at 7; ECF No.

6   199-1 at 12-14.) Christopherson raised a similar argument on the verge of the sentencing

7   hearing to seek to vacate the jury's verdict. (ECF No. 142.) The Court rejected his

8   argument, finding that Judge Dawson's impartiality at trial could not be questioned and

9   that his recusal following trial was based on developments occurring months after trial in

10  another case. (ECF No. 149 at 9-10.) Christopherson's claim of error based on Judge

11  Dawson's decision to recuse is simply frivolous.

12  ### 4.   Ground 5: Perjured Testimony

13  Christopher contends that the government's witness, Agent Ringer, committed

14  perjury because at the sentencing hearing, the Court agreed with Christopherson that the

15  amount in levies and seizures was significantly higher (over $40,000.00) than the amount

16  that Agent Ringer testified to at trial ($5,000.00). (ECF No. 199 at 9; ECF No. 199-1 at

17  14-15.) However, the Court made no such finding. During the sentencing hearing, the

18  Court noted the testimony relating to the amount of levies in response to defense

19  counsel's argument as to the amount of tax loss:

20      Mr. Tomsheck: And candidly, I can't tell Your Honor this is exactly the
        amount of levies that were imposed and here's where they were applied,

21

22      [5]During trial, Christopher argued that parts of Hart's Grand Jury testimony
    supported Christopherson's explanation regarding his use of the Industrial Consultants
23  account for the purpose of remaining in business, contradicting the government's
    contention that it was evidence of evasion. (ECF No. 99 at 7.) But Christopher had sought
24  to offer only selected excerpts from Hart's Grand Jury testimony. (ECF No. 72.) The
    government objected to selected portions being offered (ECF No. 74) and the Court
25  agreed with the government (ECF No. 77 at 3.) Nevertheless, Hart's full Grand Jury
    testimony could have been offered, setting aside the Courts concerns about
26  Christoperson' right to confrontation. (*Id.*)

27      [6]Christopherson asserts that his discussion is limited to the unsealed records and
    that the sealing of the records shows the need to vacate the verdict. (ECF No. 1991-1.)
28  To the contrary, these records were unsealed on May 20, 2015, in response to
    Christopherson's motion to unseal. (ECF No. 201.)

1  | because such a period of time has passed, and the recordkeeping both on
2  | the part of the IRS and, candidly, on the part of Mr. Christopherson, doesn't
   | allow me to do that.

3  | THE COURT: I think there's evidence offered at trial as to the exact amount
4  | that was levied was about $46,900, and then there was a chart that was
   | introduced that showed how much of that was credited towards the tax
5  | years — the charged tax years.

6  (ECF No. 166 at 12:16-25.) In fact, the Court found that the amount of tax loss should not

7  be reduced by the amount of collection made through levies. (*Id.* at 39.) The Court agrees

8  with the government that this claimed error is also frivolous.

### 5.   Ground 8: Failure to Produce *Brady* Material

10  Christopherson contends the government failed to produce materials relating to

11  the IRS' investigation of George Hart in violation of its obligation under *Brady v. Maryland*,

12  373 U.S. 83, 87 (1963). (ECF No. 199 at 10; ECF No. 199-1 at 25.) He contends "Hart

13  had a personal/business file with the IRS which was active at the time of his disability,

14  around the time of [Christopherson's] indictment." (ECF No. 199-1 at 25.) Christopherson

15  offers no support for his claim that such a file is in the government's possession or control,

16  let alone that the file would contain information that may be material or exculpatory.[7]

### C.   Ground 6: Ineffective Assistance of Counsel

#### 1.   Legal Standard

19  "[T]he right to counsel is the right to the effective assistance of counsel." *McMann*

20  *v. Richardson*, 397 U.S. 759, 771, n.14 (1970). The Supreme Court recently reiterated

21  that a defendant's Sixth Amendment right to counsel extends to the plea-bargaining

22  process. *Lafler v. Cooper*, 566 U.S. 156, 162 (2012) ("During plea negotiations

23  defendants are 'entitled to the effective assistance of competent counsel.'") (quoting

24  *McMann*, 897 U.S. at 771)). "[D]efense counsel has the duty to communicate formal offers

25  from the prosecution to accept a plea on terms and conditions that may be favorable to

26  the accused." *Missouri v. Frye*, 566 U.S. 133, 145 (2012). The Ninth Circuit has stated

---

[7]Christopherson, through counsel, filed a motion to compel *Brady* materials. (ECF No. 48). That motion does not address any file relating to George Hart. (*Id.*)

that a defendant is also "entitled to the effective assistance of counsel in his decision whether and when to plead guilty." *United States v. Leonti*, 326 F.3d 1111, 1117 (9th Cir. 2003). "If it is ineffective assistance to fail to inform a client of a plea bargain, it is equally ineffective to fail to advise a client to enter a plea bargain when it is clearly in the client's best interest." *Id.* (citation omitted). To prove ineffective assistance during the plea phase of a prosecution, a defendant "must demonstrate gross error on the part of counsel." *Turner v. Calderon*, 281 F.3d 851, 880 (9th Cir. 2002) (quoting *McMann*, 397 U.S. at 771).

The two-part test articulated in *Strickland v. Washington*, 466 U.S. 668 (1984), applies to challenges based on ineffective assistance of counsel. *See Lafler*, 566 U.S. at 162. First, a defendant must show "that counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. In the context of plea negotiations, the question is "not whether 'counsel's advice [was] right or wrong, but . . . whether that advice was within the range of competence demanded of attorneys in criminal cases.'" *Turner*, 281 F.3d at 880 (quoting *McMann,* 397 U.S. at 771). Second, a defendant must show that "any deficiencies in counsel's performance [are] prejudicial" by showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 692, 694. Additionally, any review of the attorney's performance must be "highly deferential" and must adopt counsel's perspective at the time of the challenged conduct in order to avoid the distorting effects of hindsight. *Id.* at 689.

## 2.    Analysis

Christopherson asserts several claims of ineffective assistance of counsel: (1) Lusk (and later Roske) failed to make a formal offer of compromise pursuant to 26 U.S.C. 7122; (2) Roske should have offered a good faith instruction and make a record when the Court declined to give the instruction; (3) Roske should have objected to the lesser included offense instruction; (4) Roske should have raised pre-indictment delay as ///

grounds for dismissal;[8] (5) Roske abandoned Christopherson when he left for vacation in December 2011 shortly before the sentencing hearing set for January 4, 2012, and did not file objections or discuss the sentencing hearing with Christopherson; and (6) Roske committed numerous trial errors; (7) Shell was ineffective in representing Christopherson on appeal. (ECF No. 199-1 at 15-22.) Christopherson's claims do not satisfy either prongs of the *Strickland* test.[9]

Even accepting that Christopher's former counsel should have made a formal offer of compromise, instead of presenting the offers informally, Christopherson has not shown that the offer would have been accepted. Thus, whether the offer of compromise was formally or informally presented would not have affected the results of the proceedings. As for the claims relating to Roske's conduct with respect to the lesser offense instruction and the good faith instruction, whether or not Roske should have done more would not have affected the outcome. Christopherson's claim as to pre-indictment delay lacks merits and he cannot show that he suffered prejudice as a result of Roske not raising it as a ground for dismissal. (*See* discussion *supra* at Section III(B)(2).) As for the claim relating to Roske's purported failure to advise Christopherson relating to sentencing, the Court granted a continuance of the January 2, 2012, sentencing hearing on December 14, 2011, based on the representation that Christopherson needed more time to prepare objections to the presentence investigation report. (ECF No. 104.) Moreover, Roske did not represent Christopherson in connection with sentencing because the Court granted Christopherson's motion to substitute counsel on January 12, 2012. (ECF No. 107.) Finally, Christopherson cannot show that Shell was ineffective for not presenting alleged errors that the Court has found to be without merits.

---

[8]Christopherson also argues that Roske failed to preserve the record as to the amount of credit of $40,000.00 in levies and seizures. (ECF No. 199-1 at 19.) It is not clear what Christopherson contends Roske should have done to "preserve this on the record." In any event, the Court did not apply any credit in determining the tax loss amount. (ECF No. 166 at 39.)

[9]To the extent Christopherson contends that the claims raised in the other grounds are also based on ineffective assistance of counsel, he cannot meet the *Strickland* test as discussed in connection with these separate grounds.

### D.    Ground 7: Intent

Christopherson asserts that he was denied due process and a fair trial by the Court's rulings precluding him from presenting evidence of lack of intent—that he was attempting to pay the taxes by his action and that he was unable to pay. (ECF No. 199 at 10; ECF No. 199-1 at 22-23.) The gist of this claim is based on the Court's decision not to give the jury an instruction on Christopherson's ability to pay to allow him to assert ability to pay as a defense. There is no dispute that Christopherson raised this claim in his direct appeal. In fact, Christopherson appears to challenge the Ninth Circuit's finding in affirming his conviction that the instruction on willfulness was adequate to cover Christopherson's theory that he acted in good faith. (ECF No. 199-1 at 22-23.) To the extent Christopherson claims errors by the Ninth Circuit, it is improper for him to raise his claim in his Motion. *See United States v. Redd,* 759 F.2d 699, 700-01 (9th Cir. 1985) (a § 2255 motion cannot be based on the same claim that was rejected on direct appeal.)

Moreover, while the Court did not give the requested instruction, Christopherson did present evidence through his own testimony as to his lack of intent and his explanations for why he did not pay the taxes owed and why he used the Industrial Consultants' account. (ECF No. 115 at 163-72; ECF NO. 116 at 26-38.)

## IV.    CERTIFICATE OF APPEALABILITY

Before Christopherson can appeal the Court's decision to deny his Motion, he must obtain a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22; 9th Cir. R. 22-1; *United States v. Washington*, 653 F.3d 1057, 1059 (9th Cir. 2011). To receive such a certificate, a petitioner must make "'a substantial showing of the denial of a constitutional right' as to each issue the petitioner seeks to appeal." *Washington*, 653 F.3d at 1059 (quoting 28 U.S.C. § 2253(c)(2), (3)). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court determines that reasonable jurists would not find its reasoning debatable or wrong. Thus, the Court will deny a certificate of appealability.

## V.    CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion.

It is therefore ordered that Ian Christopherson's motion to vacate (ECF No. 199) is denied. The Court denies a certificate of appealability.

DATED this 28th day of July 2017.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE